RECEIVED
OCT 3 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SHAUN and RENELLA BERNARD<br>*ind. and o/b/o their minor sons,*<br>*Gage and Jude Bernard* | CIVIL ACTION NO. 08-CV-0914<br><br>JUDGE MELANÇON |
| VS. | MAGISTRATE JUDGE METHVIN |
| STATE NAT'L INS. CO.<br>PITTS & SONS, INC.<br>DARYLE FOLEY | |

## JURISDICTIONAL REVIEW RULING

Defendants State Nat'l Ins. Co., Pitts & Sons, Inc., and Daryle Foley removed this case from a local state court alleging that this court has diversity jurisdiction under 28 U.S.C. §1332. The undersigned has reviewed the pleadings to determine whether the $75,000 jurisdictional amount has been met.

Plaintiffs allege that, on October 6, 2007, Foley, driving at an excessive rate of speed on I-10, failed to slow for the line of traffic stopping in front of him and rear-ended the Bernard vehicle, violently throwing it into the guardrail.

Shaun Bernard is claiming damages as a result of the accident, alleging that he was severely and possibly permanently injured, suffering injuries to his neck, back and other musculo-ligamentous injuries. Defendants aver in their Notice of Removal: Mr. Bernard has undergone an MRI of his lumbar spine which showed disc bulging at L3-4; his orthopedic surgeon issued a no work status report on October 23, 2007; an EMG and nerve conduction study showed L5 radicular changes, an L4 component and possible S1 involvement. Mr. Bernard has undergone two SI joint injections. Defendants aver that Mr. Bernard continues to seek treatment for pain and has not returned to work. Further, defendants state that Mr. Bernard's attorney has

represented that Mr. Bernard is seeking damages in excess of $75,000; his lost wages exceed $30,000 and his medicals exceed $10,000.

Defendants also cite cases involving disc bulging, with an SI joint dysfunction with multiple steroid injections, and with continuing pain where general damages have been awarded for amounts as high as $75,000. *See e.g.* Collier v. Benedetto, 897 So. 2d 775 (La. App. 5th Cir. 2005) ($75,000); Smith v. Goetzman, 720 So. 2d 39 (La. App. 1st Cir. 1998); Smith v. Goetzman, 720 So.2d 39 (La. App. 1st Cir. 1998) ($80,000).

Renella Bernard claims she sustained musculo-ligamentous injures and that her neck and back were injured. She is seeking damages for pain and suffering, lost wages and loss of enjoyment of life. Gage and Jude Bernard claim they suffered bumps, bruises and scrapes and seek damages.

In light of the foregoing, the undersigned concludes that the jurisdictional amount has been established in this case.[1]

Signed at Lafayette, Louisiana on October 29, 2008.

Mildred E. Methvin
United States Magistrate Judge

---

[1] Defendants have not asserted that the claims of Renella, Gage and Jude Bernard exceed the jurisdictional amount. It is unnecessary for defendants to make such a showing as Title 28 U.S.C. § 1367 allows a federal court in a diversity action to exercise supplemental jurisdiction over additional diverse plaintiffs whose claims failed to meet the amount-in-controversy threshold but whose claims arise out of the same case or controversy. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, ----, 125 S.Ct. 2611, 2620, 162 L.Ed.2d 502, 558-559 (2005). Renella, Gage, and Jude Bernard's claims clearly arise out of the same case or controversy as Shaun Bernard's claims so that this court has supplemental jurisdiction over their claims.